LOUISIANA. The (BLACK v.). See Case No. 1,461.

---

## Case No. 8,538.
LOUISIANA ex rel. MONCURE v. DUBUCLET.

[5 Reporter, 201;[1] 10 Chi. Leg. News, 132.]

Circuit Court, D. Louisiana. Dec., 1877.[2]

CIVIL RIGHTS ACT—CONSTRUCTION — PRIVATE INFRINGEMENT OF RIGHTS.

The act of April 9, 1866 (Civil Rights), was intended to protect against legal disabilities and legal impediments, and not private infringements of the rights secured, through prejudice or otherwise, when the laws are impartial and sufficient. [See note at end of case.]

This is a case which was transferred from the Sixth district court of the parish of Orleans, and is before the court on a motion to remand. It is a suit in which the plaintiff [state of Louisiana ex rel. John C. Moncure] seeks to recover from the defendant [Antoine Dubuclet] the office of treasurer of the state of Louisiana. The removal is asked upon two grounds. The first is already disposed of in the case of Johnson v. Jumel [Case No. 7,392]. The second ground of removal is, that the relator is a man of color, and that he cannot enforce his rights in the judicial tribunal in which the cause was pending before its removal. The provision which the petitioner invokes is the "Act to protect all persons in the United States in their civil rights, and furnish the means of their vindication," passed April 9, 1866, found at 14 Stat. 27. Section 1 enacts: That all persons born in the United States are citizens, and have

---

[1] [Reprinted from 5 Reporter, 201, by permission.]

[2] [Affirmed in 103 U. S. 550.]

the same right (among other things) to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens. Section 3 provides, that the district and circuit courts shall have exclusive jurisdiction of all cases, civil and criminal, affecting persons who are denied, or cannot enforce in the courts or judicial tribunals of the state or locality where they may be, any of the rights secured to them by the first section; that if any suit, or prosecution, civil or criminal, has or shall be commenced in any state court against any such person, for any cause whatever, such defendant shall have the right to remove such cause for trial to the proper district or circuit court, in the manner described by the act relating to habeas corpus and regulating judicial proceeding in certain cases, passed March 3, 1863 [12 Stat. 755], which act makes a cause removable by the filing of a verified petition with the ordinary bond.

[It is to be observed that section 3 of the act of April 9, 1866, as to the right to remove, provides "that any cause, civil or criminal, affecting persons who are denied, or cannot enforce in the state courts any of the rights secured to them by the first section of this act may be removed. The question in the first instance is, what rights are secured by the first section of this act? So far as this case is concerned, it is the full and equal benefit of all laws and proceedings for the security of person and property, the same as is enjoyed by white citizens; that is to say, that persons of color and aliens by birth are to have the full and equal benefit of all laws and proceedings for the security of person and property as is enjoyed by white citizens.] 3

The affidavit in the case states that the petitioner cannot enforce his rights to hold and retain his office," but it does not state whether this is in consequence of any law, statute, ordinance, regulation or custom, or whether it is in consequence of an individual or a party, or a race prejudice.

[The cause, in consequence of this general affidavit, which arrested the state tribunal from proceeding any further in it, is here to be dealt with, and a plea in abatement would be a proper method of presenting the question which is here made by motion, and which presents an issue which is triable according to the usages of the common law.]3

BILLINGS, District Judge (after stating the facts as above). I shall follow the opinion of Mr. Justice Bradley in the case of Texas v. Gaines [Case No. 13,847]. in which he concludes as follows: "We think it is intended to protect against legal disabilities and legal impediments, the free exercise of the rights secured, and not private infringements of these rights through prejudice or otherwise, when the laws themselves are impartial and sufficient." There is no doubt but that the defendant here intended by his affidavit, to admit that the laws and methods of proceeding in the courts of Louisiana were without any discrimination on the ground of race, for the laws and the constitution make them available to all races alike. If there be any discrimination from other sources than the system of laws, or the methods by which they are put in operation, it would not be a good ground for removal under the law of congress. Let the case be remanded.

[NOTE. This case was taken upon error to the supreme court, which affirmed the judgment of the circuit court remanding the case. Mr. Chief Justice Waite delivered the opinion of the court, setting out in full the petition of Dubuclet, and showed that the same does not show a cause "arising under the constitution or laws of the United States." According to the showing of the petition, the petitioner's right to office depends on the laws of the state. In considering the effect of section 2010, Rev. St., which gives one who "is defeated or deprived of his election" to such an office as Dubuclet holds the right of suing for his office in the federal courts, the learned chief justice said: "Dubuclet, instead of being defeated or deprived of his election, is now in office under his election duly declared, pursuant to the laws of the state, and exercising all the duties of his place, and enjoying all its privileges. This section provides for an original suit by one out of office to get in, but not for the removal of a suit against one in office to put him out." 103 U. S. 550.]